**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

**SULEYMAN KUCUR,**                                    Case No.:

                              **Plaintiff,**           <u>**COMPLAINT**</u>

       -against-                                       **Jury Trial Demanded**

**WOLFGANG'S STEAKHOUSE, INC., ZIJO MUSIC,**
**REX FERATOVIC, HODO ALIBEGOVIC, and EMIN**
**("EDDIE") FERATOVIC,**

                              **Defendants.**
-------------------------------------------------------------------------X

      Plaintiff SULEYMAN KUCUR ("Plaintiff" or "Mr. Kucur") by and through his attorneys,

SERRINS FISHER LLP, complains of Defendants WOLFGANG'S STEAKHOUSE, INC.

("Wolfgang's" or "the Company" or "the Restaurant"), ZIJO MUSIC ("Mr. Music" or "Defendant

Music"), REX FERATOVIC ("Defendant Rex Feratovic"), HODO ALIBEGOVIC ("Mr.

Alibegovic" or "Defendant Alibegovic"), and EMIN ("EDDIE") FERATOVIC ("Defendant Eddie

Feratovic") (Mr. Music, Rex Feratovic, Mr. Alibegovic, and Eddie Feratovic are collectively "the

Individual Defendants") (the Restaurant and the Individual Defendants are collectively

"Defendants") as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This action is brought to challenge Defendants' practice of national origin discrimination

in the terms, conditions, and privileges of Plaintiff's employment and retaliation in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the

Administrative Code of the City of New York, § 8-101 *et seq.* ("City Law" or "NYCHRL").

2.     Pursuant to § 8-502(c) of the City Law, contemporaneously with the filing of this

Complaint with the Court, Plaintiff served a copy of this Complaint on the City of New York

Commission on Human Rights and on the City of New York Corporation Counsel.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.  Supplemental jurisdiction over Plaintiff's state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

5.      All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination on November 14, 2014 and received a Notice of his Right to Sue from the Equal Employment Opportunity Commission on September 11, 2015, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

## PARTIES

6.      Plaintiff Suleyman Kucur is a male individual of Turkish decent, residing in New York State, Queens County, who was has been employed by Defendants since in or about May 2010.

7.      Upon information and belief, Defendant Wolfgang's Steakhouse, Inc. is a company doing business in the State of New York, with its principal place of business located at 409 Greenwich Street, New York, NY 10013.

8.      Wolfgang's Steakhouse, Inc. owns a chain of steakhouse restaurants across the country.

9.      Upon information and belief, Defendant Music co-owns and manages the Restaurant.

10.     Upon information and belief, Defendant Rex Feratovic co-owns and manages the Restaurant.

11.     Upon information and belief, Defendant Alibegovic is a manager of the Restaurant and has supervised Plaintiff's work during the relevant time period.

12.     Upon information and belief, Defendant Eddie Feratovic is a manager of the Restaurant and has supervised Plaintiff's work during the relevant time period.

13.     During the relevant time period, the Restaurant employed more than four (4) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of the NYCHRL.

14.     NYCHRL § 8-107 (1) (a) makes it unlawful for "an employer *or an employee or agent thereof* . . . to discriminate against [a protected individual] in compensation or in terms, conditions or privileges of employment."

15.     NYCHRL § 8-107 (7) makes it unlawful for "*any person* engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person . . ."

16.     The Individual Defendants may be held individually liable under the NYCHRL in their capacity as "employees" or "agents" and "persons" of the Company.

## FACTUAL ALLEGATIONS

*Background*

17.     Plaintiff, an individual of Turkish decent, began his employment with Defendants in or about May 2010 as a waiter.

18.     At all relevant times during Plaintiff's employment with Defendants, Plaintiff was amply qualified for his position.

19.     At all relevant times during Plaintiff's employment with Defendants, Plaintiff has met or exceeded the performance expectations of his position.

3

***Defendants' Hostile Work Environment***

20.    The managers and employees of the Restaurant are predominantly of Albanian and/or Montenegrin national origin.

21.    From the beginning of Plaintiff's employment with Defendants, Defendants' Albanian and/or Montenegrin management and employees have subjected Plaintiff to a hostile work environment, comprised of frequent discriminatory remarks and conduct based on his national origin (Turkish).

22.    Despite Plaintiff's frequent complaints to management regarding the discriminatory behavior by both his co-workers and managers, Defendants' management have not taken any corrective action and have allowed the harassing behavior to persist.

23.    Examples of the discriminatory behavior to which Plaintiff has been made subject include, but are not limited to, the following:

- Plaintiff's work locker was vandalized on several occasions. These acts of vandalism included drawings of the phrases "fuck off," "fuck you," "gay Turk," and "puta," and on one occasion, a large penis was drawn on Plaintiff's locker;

- Plaintiff's notebook was stolen from his locker in which he wrote all of his work notes. Plaintiff subsequently found out from a co-worker that the employees who stole the book would regularly read excerpts from it and talk to one another about it. When Plaintiff complained to Defendant Alibegovic about this, Defendant Alibegovic told Plaintiff that he could go upstairs to the office and "see if it's *still* there," indicating that Defendant Alibegovic was aware of the theft and whereabouts of Plaintiff's notebook. To date, Plaintiff's notebook has not been returned to him;

- Plaintiff was told by Defendant Alibegovic that "[he has] no future in this company";

4

- Plaintiff's co-workers frequently call Plaintiff "Turko" despite Plaintiff's objections. Plaintiff has complained to Defendants' management about this conduct, but Defendants' managers have not taken any corrective action and have allowed the discriminatory behavior to persist;

- Defendants frequently refer to Plaintiff as "Turko" on the schedule for additional work duties ("side jobs");

- Defendants' employees wrote "moron," "idiot," "and dick face" on Plaintiff's computer screen;

- Defendants' employees stole Plaintiff's shoes from the common dressing area on two (2) separate occasions;

- Defendants' management instructed Plaintiff's co-workers not to interact with Plaintiff or help him;

- Defendants' employees would add extra items to the bills of Plaintiff's customers, which they didn't order. When Plaintiff confronted Defendant Alibegovic about this, Defendant Alibegovic stated that he knew about it and that "someone is fucking with you";

- One of Defendants' employees would make comments to Plaintiff regarding the Ottoman Empire and blamed the Turkish people for changing their religion, which the employee said "kept [his] people in the dark";

- While discussing the vandalism of his locker with a co-worker, another one of Plaintiff's co-workers joined in and said "Why are all of these things happening to you? Don't you see that they don't want you here? They don't like you here? Why are you still here?" The employee then threatened to punch Plaintiff;

5

- One of Defendants' managers physically accosted Plaintiff, grabbing and pulling his arm very forcefully despite Plaintiff's insistence that he let go because it was hurting Plaintiff; and

- Defendant Eddie Feratovic told Defendant Alibegovic (in reference to Plaintiff's Turkish national origin) that "[Plaintiff] will pay for history and will be history."

24.     These discriminatory comments and acts as well as numerous others are made to Plaintiff on a near daily basis.

25.     Moreover, as indicated above, not only did Defendants' management condone the discriminatory conduct of Plaintiff's co-workers, but they frequently engaged in the discriminatory conduct themselves.

26.     Defendant Alibegovic went so far as to directly encourage Plaintiff's co-workers to harass Plaintiff.

27.     This harassment is based on Plaintiff's national origin (Turkish).

***Defendants' Disparate Treatment of Plaintiff***

28.     In addition to the hostile work environment to which Plaintiff has been subject during his employment with Defendants, Plaintiff has been treated differently in the terms and conditions of his employment than similarly situated individuals outside his protected group (Turkish national origin).

29.     Defendants regularly grant preferential treatment to their Albanian and/or Montenegrin employees at the expense of Plaintiff who is of Turkish national origin.

30.     Examples of the discriminatory disparate treatment to which Plaintiff has been made subject include, but are not limited to, the following:

6

- Plaintiff is regularly assigned the more difficult side jobs while his Albanian and/or Montenegrin co-workers receive easier tasks. For example, Plaintiff is more frequently assigned to lifting boxes of soda and linens, which are the more difficult tasks;

- Defendants "slam" Plaintiff's work station, making Plaintiff's job more difficult while his Albanian and/or Montenegrin co-workers are entitled to a lighter work load. "Slamming" is when Defendants disproportionately place their clientele at Plaintiff's work station while other stations do not have to serve as many clients. As Defendants operate a pooled tip system in which all of its wait staff share their tips, Plaintiff receives more work from getting his station "slammed" without any financial benefit;

- Defendants give more opportunities to their Albanian and/or Montenegrin employees to work extra hours;

- Defendants give their Albanian and/or Montenegrin employees preferred work schedules and shifts;

- Defendants subject Plaintiff to more frequent and disparate discipline than similarly situated Albanian and/or Montenegrin employees. For example, Plaintiff received a disciplinary letter for allegedly asking a customer for a larger tip. However, on multiple occasions during the same time period, when customers complained to management regarding Defendants' Albanian and/or Montenegrin employees' requests for a larger tip, upon information and belief, the employees were not reprimanded or disciplined.

- Defendants put more pressure on Plaintiff to "turn tables" (i.e. rush customers out of the restaurant to seat new customers), leading to customer dissatisfaction and customer complaints, while Defendants' Albanian and/or Montenegrin employees are permitted to let the clientele in their stations linger; and

- Defendants subject Plaintiff to arbitrary discipline even when Plaintiff has not engaged in any alleged wrongdoing. For example, on one occasion, Plaintiff followed the instructions of one of Defendants' Albanian and/or Montenegrin managers, leading to a customer complaint, and Defendants placed the blame on Plaintiff rather than the manager who gave the instruction.

31.     Similarly situated individuals outside Plaintiff's protected group were not subjected to this treatment.

32.     Plaintiff has made frequent complaints to Defendants' management regarding the aforementioned discriminatory treatment; however, Defendants have failed to correct the discriminatory conduct.

***Defendants' Retaliatory Conduct***

33.     Throughout Plaintiff's employment with Defendants, Plaintiff has complained of the above referenced discriminatory practices and harassment to Defendants' managers and owners.

34.     For example, Plaintiff has complained about (among other things) the name calling ("Turko," "moron," "idiot," "dickface," etc.), the vandalism of his locker, having his work station "slammed," and the disparate treatment to which he has been subject, including, but not limited to, disparate treatment in discipline, disparate treatment in schedules, disparate treatment in extra job assignments, etc.

35.     Plaintiff indicated to Defendants' managers and owners that he believed the discriminatory and harassing treatment was based on his national origin (Turkish).

36.     Most recently, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

37.     No remedial action was taken in response to Plaintiff's complaints.

38.     Rather, as Plaintiff has complained about Defendants' ongoing discriminatory treatment, Defendants have increased the discriminatory conduct in retaliation for Plaintiff having made such complaints.

## FIRST CLAIM FOR RELIEF
### (Title VII Violations for National Origin Discrimination Against Defendant Wolfgang's Steakhouse, Inc.)

39.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40.     By the acts and practices described above, Defendants created a hostile environment constituting harassment and discrimination of such a severe and/or pervasive nature as to alter the terms and conditions of Plaintiff's employment based on his national origin in violation of Title VII.

41.     Additionally, by the acts and practices described above, Defendants altered the terms and conditions of Plaintiff's employment by treating him differently than other similarly situated employees who were not members of Plaintiff's protected class based on his national origin.

42.     Defendants systematically, adversely, and purposefully created a discriminatory work environment against Plaintiff based on his national origin.

43.     Defendants intentionally refused to investigate and/or take any remedial action to correct the discriminatory/harassing behavior and failed to respond to Plaintiffs' complaints.

44.     Defendants knew that their actions constituted national origin discrimination and willfully disregarded Plaintiff's statutorily protected rights.

45.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SECOND CLAIM FOR RELIEF
### (NYCHRL National Origin Discrimination Against all Defendants)

46.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47.    By the acts and practices described above, Defendants created a hostile environment constituting harassment and discrimination based on Plaintiff's national origin in violation of the NYCHRL.

48.    Additionally, by the acts and practices described above, Defendants altered the terms and conditions of Plaintiff's employment by treating him differently than other similarly situated employees who were not members of Plaintiff's protected class based on his national origin.

49.    Defendant Music is individually liable as he has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

50.    Defendant Rex Feratovic is individually liable as he has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

51.    Moreover, NYCHRL § 8-107 (1) (a) makes it unlawful for "an employer *or an employee or agent thereof* . . . to discriminate against [a protected individual] in compensation or in terms, conditions or privileges of employment."

52.    As such, the Individual Defendants may be held individually liable under the NYCHRL in their capacity as "employees" or "agents" of the Company.

53.    Defendants knew that their actions constituted national origin discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

54.    Defendants intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints.

55.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### THIRD CLAIM FOR RELIEF
### (Title VII Violations for Retaliation Against Defendant Wolfgang's Steakhouse, Inc.)

56.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57.     By the acts and practices described above, Defendants unlawfully discriminated against Plaintiff because of his opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's national origin in violation of Title VII.

58.     Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

59.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### FOURTH CLAIM FOR RELIEF
### (NYCHRL Retaliation Against all Defendants)

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     Pursuant to the NYCHRL § 8-107(7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the

commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."

62.   By the acts and practices described above, Defendants unlawfully discriminated against Plaintiff because of his opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's national origin.

63.   Defendant Music is individually liable as he has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

64.   Defendant Rex Feratovic is individually liable as he has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

65.   Moreover, NYCHRL § 8-107 (7) makes it unlawful "*any person* engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person . . ."

66.   As such, the Individual Defendants may be held individually liable under the NYCHRL in their capacity as "persons."

67.   Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

68.   Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

   a) awarding, on the First through Fourth Causes of Action, compensatory, punitive,

mental anguish, and pain and suffering damages as a result of Defendants' discriminatory conduct, in an amount exceeding the jurisdictional requisites;

b)  awarding Plaintiff such interest as allowed by law;

c)  awarding Plaintiff his reasonable attorneys' fees and costs; and

d)  granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: December 2, 2015
       New York, New York

Liane Fisher, Esq. (LF5708)
Corey M. Stein, Esq. (CS3863)
SERRINS FISHER LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 2340
New York, New York 10279
(212) 571-0700